**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                            No. CV 14-0904 WJ/GBW
                                    CR 08-2717 WJ

JOSHUA SANDOVAL,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 73) filed on October 6, 2014.   Defendant asserts that ineffective assistance of counsel in his criminal proceeding rendered his plea involuntary.   The Court will require Defendant to show cause why his motion should not be dismissed.

On March 8, 2011, the Court entered judgment (CR Doc. 58) on Defendant's conviction and sentence.   On June 8, 2011, the Court of Appeals for the Tenth Circuit enforced Defendant's waiver of appeal rights in his plea agreement and dismissed his appeal.   *See United States v. Sandoval*, 427 F. App'x 621, 624 (10th Cir. 2011).   His conviction thus became final ninety days later in early September, 2011.   *See Clay v. United States*, 537 U.S. 522, 525 (2003) (ruling that conviction becomes final ninety days after court of appeals affirms).   More than three years later, on October 6, 2014, Defendant filed this motion under 28 U.S.C. § 2255.

Defendant will be required to show cause why his § 2255 motion should not be dismissed as untimely.   The applicable one-year limitation period in § 2255 had expired when Defendant filed his § 2255 motion, *cf. United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000), and the

motion must be dismissed unless he establishes grounds for tolling, *see United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec. 13, 1999).   The Court raises the time bar to Defendant's § 2255 motion *sua sponte* and will allow him an opportunity to respond to this Order.   *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness of § 2254 petition was raised *sua sponte* and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default in § 2255 proceeding).   Failure to respond to this Order or otherwise show cause may result in dismissal of the § 2255 motion without further notice.   *See* § 2255 R. 4.

IT IS THEREFORE ORDERED that, within thirty (30) days from entry of this Order, Defendant file a response showing cause, if any, why his § 2255 motion should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE

2